O’NIELL, Chief Justice.
 

 The administrator of the succession of a deceased woman, named Chetter Ferara, brought this suit for disability benefits alleged to have been due to her at the time of her death, under a policy of insurance issued by the defendant. The company defended on the ground that the disability resulted from a cancer of the ovary, and hence that the company was exempt from liability by the following clause in the policy: “This policy does not cover * * * disability from any disease of organs which are not common to both sexes.” The judge of the district court, after hearing the evidence, found that, although the cancer probably originated in the ovary, it was not certain whether it originated there or in the omentum, and that the cancer had metastasized, not only to the omentum, but also to the intestines, at the time from which this claim was made for disability benefits. The judge found also from the evidence that the disease of the omentum and of the intestines was enough to cause the disability, without considering the disease of the ovary; and, as the omentum and the intestines are organs common
 
 to
 
 both sexes, the judge held that the insur
 
 *761
 
 anee company was not exempt from liability under the clause declaring that the policy did not cover disability from any disease of organs which are not common to both sexes. The judge gave judgment also for the penalties allowed by Act No. 310 of 1910; that is, for double the amount of the disability benefits, and for $750 attorney’s fee. As the disability benefits amounted to $1,900, the total amount of the judgment is $4,550, plus legal interest from the date of judicial demand. The insurance company is appealing from thé decision.
 

 The policy was issued on November 2, 1928. The ailment of the assured commenced sometime previous to the 15th day of August 1935, on which date she was examined by a surgeon, who became the attending physician. The examination disclosed what the surgeon called a cervical polyp, which he removed on March 18, 1941. There was no evidence or symptom of cancer at that time. Thereafter the patient developed a large abdominal tumor, for which the surgeon performed an operation on May 3, 1941. The surgeon, in his testimony, described the tumor as being malignant and as having spread throughout the abdomen, so that it “involved the ovary, the omentum and even a small enlarged bowel”. From that date the patient remained totally disabled, being most of the time confined to a bed in a hospital, until she died, November 8, 1942. She furnished proof of her disability on a form provided by the insurance company on July 11, 1941, at which time she had been totally disabled for more than two months. In fact the medical testimony shows that the disease of the organs which are common to both sexes, such as the omentum and the abdomen, was sufficient to render the patient totally disabled, from and after May 3, 1941, without considering the disease of the ovary.
 

 The clause in the policy, which the company invokes in defense of the suit merely exempts the company from liability for a disability from a disease of organs which are not common to both sexes. The clause does not, in terms, exempt the company from liability for a disability from a disease which has originated in an organ not common to both sexes and which has spread, or metastasized, as the doctors say, to organs which are common to both sexes. We have no right to rewrite the exempting clause so as to interpolate the words “originating in”, and so as to make the clause read: “This policy does not cover * * * disability from any disease originating in organs which are not -common to both sexes”. We must read the clause as it is written, and write is as we read it. Accordingly, the part of the clause that is pertinent to this case has no other meaning than that the policy does not cover disability from any disease of organs which are not common to both sexes. The clause does not exempt the company from liability for a disability from a disease originating in an organ which is not common tc both sexes, if the disease has metastasized so' as to affect organs which are common to both sexes and which have become so diseased that the disability would exist the same as if it had not originated in an organ which is not common t'o both sexes.
 
 *763
 
 The only remaining question is whether the judge was right in condemning the insurance company to pay the penalty imposed by Act No. 310 of 1910. The act forbids insurance companies that issue life, health or accident insurance policies to defer payment of indemnity due to an assured for a period longer than 30 days from the date of receiving notice and proof of the sickness or accident. And the act provides: “That the insurance company ■guilty of such delay in payment, unless upon just and reasonable grounds, shall pay to the assured, as a penalty, double the amount due under the terms of the policy ■or contract, during the period of delay, with attorney’s fees to be determined by the tribunal before whom suit is instituted.” Whether such a delay is “upon just and reasonable grounds” depends upon the cir■cumstances peculiar to the case in hand. In this instance the company relied upon a statement in the certificate of the attending ■physician, accompanying the notice of disability, that he first attended the patient on March 13, 1941, and found her afflicted with “papillocyst adenoma of ovary”, and that the disability was solely due to that ■illness. But that attendance was nearly two months before the surgeon performed •the operation which disclosed that the cancer had metastasized so as to affect the adjoining organs, to an extent sufficient to cause the disability, without considering the cancer in the ovary. What the attending ■physician meant by answering in the affirmative the printed question in the certificate, whether “the disability was solely ■due to the illness” which he had described, was that the disability was due solely to the cancer. The insurance company wrote a letter to the insured on August 6, 1941, denying liability on the ground that the policy did not cover disability from any disease of organs which are not common to both sexes. The disability progressed thereafter continuously for a year and three months, until the claimant died, November 8, 1942. If the insurance company had made any investigation at all after receiving the notice and proof of disability the company would have been informed that the disability for which the assured claimed the sick benefits was then due to a disease of organs which are common to both sexes, and would have been informed that it was even doubtful whether the disease had originated in the ovary, which is not common to both sexes, or in the omentum, which is common to both sexes. Not only did the company fail to make payment within the thirty days required by Act 310 of 1910, but, during the remaining 15 months of the lifetime of the assured, the company failed to make any investigation or attempt to ascertain whether the disability of the assured, who was for most of the time confined in a hospital, was due to a disease of an organ common — or not common — to both sexes; for if the company had made any such investigation the -fact would have been disclosed that the disability of the assured was due to a disease which might well have originated in the omentum, an organ common to both sexes, and- which, even though it probably did
 
 *765
 
 originate in the ovary, had metastasized so that the disease of other organs, common to both sexes, was then of itself enough to produce the disability.
 

 It is argued for the insurance company that, as the question of interpretation of the exempting clause in question had not been decided by a Louisiana court when this suit was filed, the company acted “upon just and reasonable grounds” in denying liability. The company had the right, of course, to test the question of liability under the facts of the case, and to demand a judicial interpretation’ of the exempting clause in the policy of insurance, — but not at the expense of the assured — except upon just and reasonable grounds. It would be difficult to imagine a case more appealing than this case is for the allowance of double indemnity and the attorney’s fee. The obvious reason for the adoption of Act No. 310 of 1910 is that, if the monthly installments provided for in a policy of insurance, such as sick benefits, are not paid promptly, they are not benefits at all, as far as the assured is concerned. Suits like this, as a rule, are cases in which the law’s delay amounts to a denial of justice. This suit has been pending for a year and 9 months, — which is 6 months longer than the assured lived after she gave the insurance company notice and proof of her disability. Of what benefit can the so-called sick benefits of $100 á month- — or the $100 a month for hospitalization — be to one who suffers for a year and three months in painful sickness, struggling to approach’ the feet of Justice, and passes on without having a glimpse of her fair face?
 

 It is not disputed that if an attorney’s, fee is allowable at all in this case the amount allowed is not excessive.
 

 The judgment is affirmed.
 

 HAWTHORNE, J., does not take part..