150 So.2d 10

Rodney FONTENOT

v.

WABASH LIFE INSURANCE COMPANY.

No. 46334.

Feb. 18, 1963.

Fusilier, Pucheu & Soileau, Ville Platte, for applicant.

Preston N. Aucoin, Ville Platte, for respondent.

HAWTHORNE, Justice.

On application of the defendant insurance company a writ was granted in this case to review a judgment of the Court of Appeal only insofar as it awarded to plaintiff as penalties, under R.S. 22:657, double the amount of the health and acci-

dent benefits due under the terms of the policy together with attorney's fees fixed by the court.[1] La.App., 143 So.2d 592.

R.S. 22:657, under which these penalties were assessed, reads as follows:

"All claims arising under the terms of health and accident contracts issued in this state shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. * * *"

Relator, Wabash Life Insurance Company, caused to be issued to the students and teachers of the Sacred Heart High School of Ville Platte, Louisiana, a group policy designated as a "Students and Teachers School Term Accident Policy". The provision of the policy which gave rise to this litigation reads in part:

" * * * If the Insured shall, *within 30 days* from the date of such injury, require any necessary hospital care or service, the Company will pay such expense incurred, provided, however, that the Company's maximum liability for Medical, Surgical and/or *Hospital care* shall not exceed a maximum of $3,000.00 and provided that *such expense shall be incurred within fifty-two weeks from the date of such injury.* * * *" (Italics ours.)

Respondent's minor son, an insured under the policy, was injured in a football accident at school on September 8, 1959, and was treated immediately at a hospital by Dr. Charles Aswell. His injury at that time was diagnosed as dislocation of right shoulder with ligament tear. In due course proof of loss was submitted to the insurance company with a medical bill of $3.00, a hospital bill of $18.00, and a surgical bill of $15.00. The attending physician's statement, a part of the proof of loss, showed $3.00 charges by him, $5.00 for hospital emergency room, and $15.00 for operation. The record shows

---

1. The Court of Appeal found the amount due for hospital care under the policy to be $186.25, and under the penalty statute

it awarded judgment in favor of plaintiff for double this amount plus $200.00 as attorney's fees, or a total of $572.50.

that the insurance company duly paid to Dr. Aswell $28.00 made up of the following items: Emergency room $5.00; surgical allowance $15.00; one call $3.00; local anesthesia $5.00.

On June 7, 1960, the insured, having failed to recover from the injuries caused by the accident, was admitted to the Lafayette Memorial Sanitarium for surgery. There he incurred hospital, surgical, and medical expenses totalling $424.25, of which $186.-25 was for *hospital care or service*. The insurance company in due course paid all the expenses so incurred except the sum due for hospital care or service, and to recover this sum plaintiff instituted the present suit.

■ For us to decide whether the penalty provisions of the statute were properly imposed we must determine whether the insurance company had "just and reasonable grounds" for refusing to pay the charges for hospital care or service.

■ It is our view, and this prompted our refusal to extend the writ of review to the question of the company's liability, that the policy clearly covered the claim for hospital care under the facts of this case, and, furthermore, that it is not reasonably susceptible to an interpretation which would preclude the company's liability.

As justification for its refusal to pay the expenses for hospital care or service incurred some eight months after the accident at the Lafayette Memorial Sanitarium, relator contended in its application for writs that the quoted provision of the policy means:

"1. All hospital care and service incurred within 30 days from the date of injury shall be paid provided:

"A. The total expenses incurred for medical, surgical and hospital care does not exceed $3,000.00.

"B. Provided further that medical and/or surgical expenses are incurred within 52 weeks."

In its brief filed in this court relator states: "The hospital confinement was not paid by the defendant-insurer, inasmuch as under defendant-insurer's interpretation the policy did not provide for hospital care expenses more than thirty (30) days after an accidental injury."

The unreasonableness of the relator's refusal to pay the claim in this case is amply demonstrated to us by this far-fetched, impossible interpretation placed on this provision of the policy it wrote. This interpretation does not even permit the possibility that the 52-week proviso could have *any* application to the expense of hospital care. The proviso that "such expense" shall be incurred within 52 weeks from the date of injury could not possibly exclude hospital care or service expense and apply only to

medical and surgical expenses. Such an unjustified interpretation precludes our viewing the company's refusal to pay as having been "just and reasonable", so as to prevent the imposition of the penalty. See Campasi v. Mutual Benefit Health & Accident Ass'n, 207 La. 758, 22 So.2d 55; Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409; Seguin v. Continental Service Life & Health Ins. Co., 230 La. 533, 89 So.2d 113, 55 A.L.R.2d 1014; Phelps v. Southern National Ins. Co. (La.App.), 83 So.2d 463.

Insurance companies, and not the insured, prepare the contracts of insurance; and health and accident policies in particular should as far as possible, be free from ambiguities and uncertainties so that the insured, usually an ordinary layman, can tell whether any sum is due to him as a result of accident or sickness. If such a policy is vague and uncertain as to the extent of coverage, and if because of such uncertainty sick benefits and hospital charges are not paid and the insured must resort to the courts to ascertain the meaning of the policy, then, in effect, he is being denied the benefits of the insurance at a time when most needed—that is, at the time of accident or resultant bodily injury of sickness; at a time when such benefits are needed to provide the insured with essential medical and hospital care which possibly due to his financial condition would be denied to him without such insurance. It is for these reasons that health and accident policies should

be written in such clear terms that a misinterpretation of the insurance company's liability could not occur.

For the reasons assigned the judgment of the Court of Appeal assessing the penalties in the instant case is affirmed.

150 So.2d 13