199 So.2d 421 (1967)
Raymond L. SIMMONS, Plaintiff-Appellee,
v.
AMERICAN NATIONAL INSURANCE COMPANY, Defendant-Appellant.
No. 2004.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1967.
*422 Hall, Raggio & Farrar, by Frederick Cappel, Lake Charles, for defendant-appellant.
Francis E. Mire, Lake Charles, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiff filed the instant suit against defendant to recover for certain medical expenses incurred by plaintiff as a result of an operation which his wife underwent, together with penalties and attorney's fees provided for under LSA-R.S. 22:657.
For a cause of action plaintiff alleged that on or about February 24, 1966, defendant's agent at Lake Charles, Louisiana, contacted plaintiff's wife for the purpose of selling her health insurance. During said meeting the agent for defendant, D. L. Burwell, prepared and completed an insurance application for the wife which she signed; that at the same time she paid him the premium for two months; and that at the time the application was prepared, Burwell *423 stated to the wife that the policy would become effective immediately upon the payment of two months' premium. Plaintiff stated further in his petition that on March 14, 1966, his wife became ill, was hospitalized, and had to seek medical attention. He itemized the expenses resulting from said illness. Plaintiff alleged that in spite of amicable demand made on defendant it arbitrarily refused to pay plaintiff for his wife's medical and hospital expenses, and he prays for judgment for the sums expended, together with penalties and attorney's fees.
Defendant filed an original answer and two supplemental and amending answers to plaintiff's petition.
In its original answer defendant admits that on or about February 24, 1966, plaintiff's wife made an application to its insurance soliciting agent for a policy of health insurance, which application was forwarded to defendant with an advance deposit of two months' premium. Defendant admitted that a conditional receipt was given to plaintiff's wife for this deposit of premiums. It also alleged that the insurance applied for would be effective from the date of the application if defendant determined that as of the date of the application the wife was insurable under the risk applications and for the benefits applied for.
Defendant stated further in its answer that upon receipt of the wife's application, it determined that she was not insurable because of her past health history; that on April 18, 1966, defendant informed its soliciting agent of its decision and requested that he relay this information to the applicant and refund the deposit which she had made. Defendant itself informed the wife of its decision not to insure her on May 12, 1966. All the other allegations of plaintiff's petition were denied.
In its first amending answer defendant stated:
"11A. Defendant shows, however, that plaintiff failed to submit a medical examination report from her doctor, which report had been requested at the time the said application was being processed, and which report was necessary to determine the insurability under the risk classification and for the benefits as applied for."
* * * * * *
"12. Defendant shows that pursuant to the terms of the conditional receipt as described therein, American National Insurance Company determined upon receipt of the application that as of the date of the application, Elmeda Simmons was not insurable under the risk classification and for the benefits as applied for, in view of her failure to submit the medical examination report described in the preceding paragraph and in view of her previous health history."
In its second amending answer defendant stated:
"12. Defendant shows that pursuant to the terms of the conditional receipt as described therein, American National Insurance Company determined within a reasonable length of time after receipt of the said application that as of the date of the application, Elmeda Simmons was not insurable under the risk classification and for the benefits as applied for."
After a trial on the merits, the city judge granted plaintiff judgment in the sum of $438.00, plus $100.00 as attorney's fees. Defendant appealed the judgment. Plaintiff answered the appeal, praying for penalties under LSA-R.S. 22:657, and for an increase in attorney's fees.
The conditional receipt which is the subject of this controversy was introduced by plaintiff and marked "P-1" for identification. The pertinent provisions of this receipt read as follows:
"Received from Elmeda Simmons an application to the American National Insurance *424 Company and $14.64, as advance deposit of the total initial premium for the insurance for which application is made. Such payment is accepted subject to the following conditions, and to the condition that any deposit not received in cash will be honored upon presentation through banking facilities:
"1. The insurance applied for will be effective from (subject to the provisions of the policy contract), and the policy dated, the later of: (a) the date of the application (Part 1), or (b) the effective date requested; provided that the payment evidenced by this receipt is the full premium for a term of at least 2 months, or, if less than 2 months, a signed authorization accompanies said application providing for automatic collection of premiums through checking account or payroll deduction, and provided that American National, through its Health Underwriting Department, determines that as of the date of application, all proposed covered persons were insurable under the risk classification and for the benefits as applied for, or else if the policy is issued by American National on a basis other than applied for and is accepted by the Applicant.
"2. If the payment evidenced by this receipt is for a term of less than 2 months and without such authorization described herein, the policy will be dated as of the later of: (a) the date the application is approved by American National or (b) the effective date requested, and American National shall incur no liability before such policy date and as provided by the contract so dated."
There is also a statement in "P-1" which reads, "You Can Be Protected Today If You Qualify and Pay At Least Two Months Premium Now!" This statement precedes the Conditional Receipt.
The trial judge found the conditional receipt to be ambiguous, but based on the testimony of the soliciting agent that he had been informed by his supervisor, a man of many years experience in the insurance business, that upon payment of two months' premium the insurance would be in force, he rendered judgment in favor of plaintiff as stated herein. He also found that defendant had never returned the premium paid by plaintiff's wife.
We have examined the conditional receipt and find it to be ambiguous, Section 1 of which could be construed two ways.
The record reflects that this is a new type of policy, and that Mr. Burwell, the soliciting agent, had contacted his supervisor, who had many years of experience in the field of insurance, for an interpretation of the conditional receipt and had been told that the insurance would be effective upon the payment of two months' premium. This information the agent transmitted to plaintiff's wife.
The general rule is that in cases of ambiguity, policy provisions are construed most favorably to the insured and against the insurer; of the permissible constructions, the courts will adopt that which effectuates coverage over that which defeats it. Schonberg v. New York Life Insurance Company, 235 La. 461, 104 So.2d 171; Wilks v. Allstate Insurance Company, (La. App., 2 Cir., 1965), 177 So.2d 790; and Wilks v. Allstate Insurance Company, (La. App., 3 Cir., 1967), 195 So.2d 390.
It is also well settled that an instrument is to be most strictly construed against the party who prepared it. Lawson v. Martin Timber Company, 238 La. 467, 115 So.2d 821; Dickerson v. Millers Mutual Fire Insurance Company of Texas, (La. App., 2 Cir., 1962), 139 So.2d 785; Landry v. Columbia Gulf Transmission Company, (La.App., 1 Cir., 1962), 148 So.2d 398.
Limitations of and exceptions to coverage of a policy must be clearly expressed and in cases of doubt, are construed unfavorably to the insurer who, after all, *425 drafted the policy. Kendrick v. Mason, 234 La. 271, 99 So.2d 108; Wilks v. Allstate Insurance Company, (La.App., 3 Cir., 1967), 195 So.2d 390.
In reading the quoted provisions of the conditional receipt along with the testimony of the defendant's agent, we agree with the trial judge that a reasonable construction of the contract would be that upon payment of two months' premium the insurance on plaintiff's wife would become effective.
Since defendant did not comply with the provisions of LSA-R.S. 22:657, the next matter for determination is whether the refusal by defendant to pay the instant claim was based on just and reasonable grounds, so as to prevent the imposition of penalties and attorney's fees.
In the case of Seguin v. Continental Service Life & Health Ins. Co., 230 La. 533, 89 So.2d 113, the Supreme Court quoted with approval from the written reasons of the trial judge, which stated:
"`We admit that the matter presented is res nova but it cannot even be said that Maxey's action was not arbitrary because the question involved has never been decided by the Louisiana Courts for it is settled jurisprudence that although an insurer under a health and accident policy has a right to test its liability in the Courts and demand a judicial interpretation of the provisions of a policy a company must file such test case at its own expense and not at the expense of the policyholder. Campasi v. Mutual Benefit Health & Accident Association, 207 La. 758, 22 So.2d 55. Since defendant undertook to test its liability under the policy before paying plaintiff's claim it assumed the risk incident thereto and has incurred the penalties provided for by LSA-R.S. 22:657.'"
The Supreme Court affirmed the judgment of the district court awarding penalties and attorney's fees. Other cases allowing penalties and attorney's fees are Ayres v. New York Life Insurance Company, 219 La. 945, 54 So.2d 409 (1951); Phelps v. Southern National Insurance Company, (La.App., 2 Cir., 1955), 83 So.2d 463 (cert. denied); Gleason v. Bankers Life and Casualty Company, (La.App., 2 Cir., 1962), 147 So.2d 86; and Fontenot v. Wabash Life Insurance Company, 243 La. 1049, 150 So.2d 10 (1963).
After considering the above cases, the documentary evidence, and the testimony of the agent for defendant in the instant case, we agree with the trial judge that the refusal to pay plaintiff's claim was not reasonable under the particular facts herein.
The trial judge assessed defendant with attorney's fees but omitted assessing it with double penalties under LSA-R.S. 22:657. This portion of the judgment is hereby amended to conform to the statutory provisions of LSA-R.S. 22:657.
We are of the opinion that attorney's fees should be increased, and accordingly, the trial court judgment is amended in this respect to increase the attorney's fees to the sum of $250.00.
For the reasons assigned the judgment of the lower court is amended by increasing the award to plaintiff for medical and hospital expenses from the sum of $438.00 to $876.00, and by increasing the attorney's fees from the sum of $100.00 to the sum of $250.00; and as amended, the judgment is affirmed.
Defendant to pay the costs of this appeal.
Amended and affirmed.