LEAR, Judge.
This is an appeal from judgment awarding plaintiff the sum of $1,706.99, representing certain disability and medical benefits under a hospitalization policy issued by defendant, a like amount as penalty for the defendant’s arbitrary and capricious refusal to pay, and the sum of $1,500.00 as attorney’s fee.
The policy sued upon is a nonoccupational one, granting to the employees and members of the Calcasieu Parish Police Jury hospital, medical, surgical and loss of time benefits.
The description of this policy as being non-occupational grows out of the fact that all of the benefits with which we are here concerned are subject to the following exclusion:
“Disability due to bodily injury arising during, from, or out of, or in the course of, employment, or doing performance of any occupation for compensation or profit, whether or not covered by any Workmen’s Compensation Act or similar law.”
On or about June 22, 1966, petitioner, a member of the Police Jury and a beneficiary under the policy, was involved in an automobile accident in which he incurred disabling injuries, and, consequently, medical and surgical expenses. Before this matter went to litigation, the defendant insurance company paid petitioner the sum of $200.00, representing eight weeks disability benefits. Thereafter, however, defendant received an investigatory report which stated that at the time of the accident plaintiff was driving a ‘company truck’. Knowing that Mr. Fabacher had previously worked for Continental Oil Company in addition to his duties as police juror, defendant assumed that he was engaged in the course of his employment at the time of the accident and therefore that his claim was excluded from the operation of the policy. After suit was filed, defendant evidently satisfied itself that Mr. Fabacher was not employed by Continental Oil Company on the day of the accident, and that he was driving his personal vehicle. Defendant then switched its position :,nd defended on the ground that *736 Mr. Fabacher was actually in the course of his employment with the Calcasieu Parish Police Jury.
LSA-R.S. 33:1233 provides that members of the police jury shall be entitled to a compensation of $30.00 per day, with mileage expense, for every day they are actually employed in the services of the parish, not to exceed 76 days in any one year.
The duties of a police juror are not only to attend meetings for the discussion and decision of parish business, but also to make inspections of the many parish roads. A road-inspection trip is considered the equivalent of a meeting, and the individual juror is allowed to turn in his per diem and he is reimbursed therefor. For example, during 1966 Mr. Fabacher attended 26 meetings of the Police Jury and reported 50 road inspections, bringing his total for the year up to the 76 days allowed by law. Some road-inspection trips may take a very short time, while others will be of much longer duration, but the juror does not report the actual time spent on the trip, he reports the per diem, The evidence is clear that police jurors make many more road-inspection trips than they can report and not exceed the allowed 76 days.
Mr. Fabacher readily admitted that on the day in question he left his home with the view of driving to the Ward 4 barn to discuss certain road conditions and work progress, and further admitted that he chose the route to his destination to check upon a report that a particular road needed some work.
After he reached the barn, he discussed the parish business with the employees at the barn, but then, in the company of another employee of the Police Jury, remained at the barn solely for the purpose of using the telephone and fostering a private charitable enterprise for the benefit of two sick children, who were residents of the Parish of Calcasieu and financially unable to seek badly needed medical help. At the conclusion of this chore, which was certainly Mr. Fabacher’s private endeavor and not one imposed upon him with the duties he had assumed as a member of the Police Jury, Mr. Fabacher decided to drive to the courthouse to see if he had any mail; it was on this journey that the accident occurred. It is to be pointed out at this time that plaintiff never reported or collected a per diem for the trip to the barn on the day of the accident.
Reference to the policy provision above quoted merely shows that for the exclusion to apply, petitioner was required to be injured in the course of his employment or during the performance of any occupation for compensation or profit. We agree with the trial judge that plaintiff was not a ‘compensated employee’ at the time of the accident, and hence the exclusion does not operate to deprive the petitioner of the benefits conferred upon him by the contested policy.
The trial court further found that defendant had failed to comply with LSA-R.S. 22:657[1] and imposed statutory penal *737 ties as prayed for, together with an attorney’s fee in the sum of $1,500.00. Finding no error, we affirm.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. LSA-R.S. 22:657.
A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during the part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.