REDMANN, Judge.
Defendant in this suit on an insurance policy appeals from a judgment awarding plaintiff repair costs on his yacht engine, plus statutory penalty and attorney’s fee. Plaintiff answers the appeal seeking an increase in the attorney’s fee award.
Defendant’s argument is that plaintiff’s proof was inadequate to support the allegation of the petition, and the finding by the trial judge, that a freeze while the boat was out of the water on its hoist caused the engine block to crack.
The insurance policy provides no coverage for damage due to ice or freezing while afloat; and, where not due to the owner’s lack of due diligence, it provides coverage against latent defects (but not for replacing the defective part), explosion, vandalism, etc. Unqualified coverage is afforded against the perils of the harbors and waters, fire, collision, damage in overland transit, etc.
Plaintiff’s uncontradicted evidence establishes that a freeze of at least two days’ duration occurred at Bayou Portage where the boat was kept; that the boat was out of the water on its hoist during the winter; at least some water remains “down in the corners” of the block even when the boat is on the hoist and the drain valve is opened (and more if the valve is not opened) ; and freezing of water in the block is a normal and usual cause of cracking.
Defendant argues freezing is a highly unlikely cause since the so-called freeze plugs were not pushed out of the block by expanding ice. But in the absence of evidence to the contrary, we would assume that these plugs would not be dislodged by ice at a lower level in the block than their own. The crack occurred at the lower end of the water jacket.
Plaintiff readily admitted he could not be certain that the freeze caused the crack, and from his experience with boats suggested two other possible causes: drifting poly- *631 etheylene bags covering the water intake, or shallow bottom sand being taken in and deposited, in either case resulting in uneven cooling.
Freezing while afloat, which is excluded from policy coverage, can be eliminated as a possible cause because of the firm testimony of plaintiff and his caretaker that the boat was kept on its hoist during the winter.
Defendant suggested the possibility of latent defect as a possible cause, in which case the cost of replacing the block is not covered by the policy. We cannot absolutely exclude this possibility, but since the record shows that the boat had been in use for almost two years, we think it quite improbable such a defect would not have manifested itself sooner.
The two other possible causes suggested by plaintiff, the plastic bags and the bottom sand, would both appear to be covered by the policy as perils of the sea; compare Rousse v. Home Ins. Co., 227 La. 94, 78 So.2d 522 (1955), and Compania Transatlantica Centro-Americana, S.A. v. Alliance Assur. Co., 50 F.Supp. 986 (S.D.N.Y. 1943).
In our opinion the evidence supports the trial judge’s finding and judgment.
“ * * * [T]he concern is not for proof beyond a reasonable doubt but, rather, the requirement of proof may be satisfied with a preponderance of probabilities reasonably to be inferred from physical facts clearly established.” Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964).
Since, from the evidence, it is established that a freeze occurred and there was then some water in the block, and only possible that one of the other two causes suggested by plaintiff could have occurred (both of which are covered by the policy), and very improbable that an uninsured latent defect would await two years to show itself, we believe the preponderant probability is that the freeze caused the damage while the boat was not afloat (admittedly insured against), and the trial judgment in this respect is correct.
The assessment of penalty and attorney’s fee against the insurer requires a finding that refusal to pay the insured’s claim was arbitrary, capricious, or without probable cause, LSA-R.S. 22:658.
In view of the failure by defendant to produce any evidence to support a factual explanation of a cause of the loss which would not have been covered by the policy; and specifically in view of the known age of the boat as rendering latent defect improbable, and the known circumstance that defendant had no evidence to contradict plaintiff’s assertion the boat was out of the water during winter, eliminating the exclusion of freeze “while afloat”; we believe defendant acted without probable cause in refusing to pay the claim on the basis the insured could not prove to a logical certainty that freezing caused the damage, when the only other reasonably probable causes were also fully covered by the policy.
Plaintiff is entitled to an increase in the amount awarded as attorney’s fees, as sought by answer to the appeal, because of the continued employment of counsel required by the appeal; Knowles v. Dixie Fire Ins. Co. of Greensboro, N. C., 177 La. 941, 149 So. 528 (1933); Sims v. National Cas. Co., 43 So.2d 26 (La.App.1949); see also Simmons v. American Nat. Ins. Co., 199 So.2d 421 (La.App.1967). We believe an increase from $100 to $250 is appropriate under the circumstances.
Accordingly the judgment appealed from is amended to increase the award of attorney’s fees in plaintiff’s favor from $100 to $250, and as amended it is affirmed.
Amended and affirmed.