229 So.2d 435 (1969)
Mary O. NILES, Plaintiff-Appellee,
v.
AMERICAN BANKERS INSURANCE COMPANY, Defendant-Appellant.
No. 2907.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1969.
Rehearing Denied January 7, 1970.
Writ Refused February 27, 1970.
*436 Stafford & Pitts, by James A. Bolen, Jr., Alexandria, for defendant-appellant.
Bernard Kramer, Alexandria, for plaintiff-appellee.
Before FRUGE, SAVOY, and HOOD, JJ.
HOOD, Judge.
Plaintiff, Mary O. Niles, instituted this suit to recover benefits alleged to be due her under a hospitalization insurance policy issued by defendant, American Bankers Insurance Company. She also claims penalties and attorney's fees. Judgment was rendered by the trial court in favor of plaintiff, awarding her $208.35 as policy benefits, plus $208.35 as penalties, and $300.00 as attorney's fees. Defendant appealed, and plaintiff has answered praying that the award of attorney's fees be increased.
There is no dispute as to the facts. The principal legal question presented is whether plaintiff "actually incurred" the hospital expenses claimed, and thus whether she is entitled to recover them under the provisions of the policy, although a substantial portion of those expenses was paid to the hospital by the Federal Government under its "Medicare" program.
The insurance policy on which this suit is based was issued to Mrs. Niles by Certified Life Insurance Company on April 14, 1960. About two years later defendant assumed all obligations of Certified under that contract. The policy was still in effect on November 28, 1968, when Mrs. Niles entered Baptist Hospital in Alexandria, Louisiana, for the surgical removal of a cataract in her right eye. She remained in the hospital for care and treatment in connection with that surgery until December 5, 1968.
After being discharged from the hospital, Mrs. Niles timely filed a notice of claim and proof of loss with defendant. Defendant thereupon tendered to Mrs. Niles its draft for $115.00, representing payment of $75.00 *437 for surgical fees and $40.00 for hospital expenses. This draft was tendered as full payment of all amounts which defendant owed plaintiff under the policy for that surgery and for that period of hospitalization. Plaintiff has never presented the draft for payment. Instead, she instituted this suit against defendant, demanding judgment for the sum which she contends is due under the policy, plus penalties and attorney's fees.
Plaintiff originally claimed $218.35 as benefits, but at the trial she voluntarily reduced that claim to $208.35, and the parties have agreed that she is entitled to recover that amount as hospital benefits if it should be determined that her interpretation of the contract and the law is correct.
The pertinent provision of the policy relating to the payment of hospital expenses reads as follows:
"* * * the Company will pay the Insured (or the hospital, if authorized by the Insured to do so) for the hospital expense actually incurred by such person * * *" (Emphasis added.)
Plaintiff was a participant in the "Medicare" program which was enacted by Congress in 1965. (See 42 U.S.C.A. Sections 1395 et seq.) The Baptist Hospital of Alexandria, Louisiana, was a participating hospital in that program. Under the Federal statute, the United States Government paid all of plaintiff's hospital expenses directly to the Baptist Hospital, with the exception of $40.00 which is "deductible" under that statute. The Government apparently was not obliged to pay the surgeon's fee for plaintiff's operation, and plaintiff does not question the correctness of the $75.00 payment for surgery which was made by defendant. She contends, however, that the $40.00 payment made to her by defendant for hospital expenses is less than the amount called for under the policy. As we have already noted, the issue presented here is whether or not the insurance contract obligated defendant to pay all of the charges made by the hospital, even though a portion of those charges had been paid by the Federal Government.
The evidence shows that Baptist Hospital kept a record of all expenses charged against Mrs. Niles while she was in the hospital, and that those expenses totaled $388.90. As a participant in the Medicare program, the hospital was required to absorb a loss of $96.82, leaving a net balance of $292.08 due on the hospital bill. The Federal Government paid $252.08 of this amount, and the hospital sent Mrs. Niles a bill for the remaining $40.00, that being the "deductible" part of the hospital expense. Mrs. Niles paid the sum of $40.00 to the hospital upon receipt of that bill.
Defendant points out that under 42 U.S. C.A. Sec. 1395cc(a) (1) (A), a participating hospital must sign an agreement with the Government not to charge a patient for items or services for which the patient is entitled to have payment made by the Federal Government, and it argues that Mrs. Niles thus did not "actually incur" hospital expenses in excess of the $40.00 deductible payment for which she was billed. In support of its position, defendant cites Drearr v. Connecticut General Life Insurance Co., 119 So.2d 149 (La.App. Orleans 1960); Irby v. Government Employees Insurance Company, 175 So.2d 9 (La.App. 4 Cir. 1965); and Rigby v. Aetna Casualty & Surety Co., 151 So. 119 (La.App. 2 Cir. 1933).
In Drearr v. Connecticut General Life Insurance Co., supra, the plaintiff was a war veteran who received medical services free of charge at a veterans' hospital. In that case, the court held that the plaintiff did not "incur expense" for medical services within the meaning of the hospital insurance policy.
In Irby v. Government Employees Insurance Company, supra, plaintiff sought benefits under the medical payments clause of an automobile liability policy. He was a member of the United States Coast Guard on active duty, and he received all of the medical services needed for the treatment *438 of his injuries free of charge at the United States Public Health Service Hospital. In his suit he claims the "reasonable value" of those services. The court, in holding that the plaintiff had not incurred any medical expense within the meaning of the policy, said:
"As used in the policy in suit, the word `incurred' emphasizes the idea of liability and the definition of `incur' is: `To have liabilities (or a liability) thrust upon one by act or operation of law'; a thing for which there exists no obligation to pay, either express or implied, cannot in law constitute an `incurred expense'; a debt or expense has been incurred only when liability attaches."
In Rigby v. Aetna Casualty & Surety Co., supra, a doctor sued to recover damages for personal injuries received by him in an automobile accident and to recover items of special damage, one of which was medical expenses. The evidence shows that the plaintiff, a medical doctor, was not charged for any medical services rendered to him, and the court held that he could not recover for such expenses since he had not been charged for them.
The rationale of the Drearr, Irby, and Rigby cases, as correctly pointed out by defendant, is that a person cannot be said to have incurred an expense unless he becomes liable for it. In none of the cited cases, however, were any charges made to anyone for the hospital or medical services which were provided, and the provider of those services was never entitled to be paid for them. In the instant suit the Baptist Hospital did make a charge for the services it provided, and it received payment of the amount due. A part of the bill was paid by the Federal Government and a part was paid by the patient, Mrs. Niles. The factual situation in this suit thus is different from that presented in any of the cited cases.
The program popularly called "Medicare" is an insurance program established by the United States Government. The Federal Act is entitled "Health Insurance for the Aged." Part A relating to hospital benefits is entitled "Hospital Insurance Benefits for the Aged," and Part B relating to medical and health services has the title "Supplementary Medical Insurance Benefits for the Aged." The United States Government is the insurer under that program, and as such it agrees to pay specified medical and hospital expenses on behalf of the individual enrollees directly to those who furnish the medical services. 42 U.S. C.A. Sec. 1395d. The insurance plan is financed partly by premiums paid by the beneficiaries, partly by deductions from social security and railroad retirement benefits of the enrollees, and to some extent by appropriations from public funds. The act provides for participation in the program by providers of medical services who must agree not to charge the patient for services for which such patient is entitled to have payment made on his behalf under the act. 42 U.S.C.A. Sec. 1395cc (a) (1) (A). The statute also provides that nothing contained in it "shall be construed to preclude * * * any individual from purchasing or otherwise securing, protection against the cost of any health services." 42 U.S.C.A. Sec. 1395b.
In the instant suit the Baptist Hospital was not a Government-owned facility, and it was under no obligation to provide hospital or medical services free to Mrs. Niles. It was entitled to be paid for the services it provided, and it in fact was paid for them. The major part of its charges were paid on behalf of Mrs. Niles by the Federal Government, and the balance was paid by her personally. The records of the hospital show that the charges were made to the account of Mrs. Niles although pursuant to the hospital's agreement under the Medicare program a bill for only $40.00 of that cost was sent to her for payment. If plaintiff had not had coverage in this Federal insurance program, then the hospital could have required payment of the entire account from her. Mr. William *439 K. Dean, Credit Manager of the hospital, testified that if Mrs. Niles had not had coverage under the Medicare program, "her total charge would have been $388.90."
The Federal insurance program known as Medicare is similar in many ways to the hospital insurance programs which are sold by many private insurance companies. It is true that in the Federal program some of the premiums are paid with government funds, and the benefits usually are paid directly to the provider of medical services, but essentially the program provides an insurance plan through which at least a part of the hospital and medical bills incurred by the enrollee may be paid.
We think the rule applied in Thomas v. Universal Life Insurance Company, 201 So.2d 529 (La.App. 3 Cir. 1967), is applicable here. In that case, as in the instant suit, the plaintiff sought benefits under a hospital insurance policy. The defendant resisted payment on the ground that plaintiff's medical expenses had been paid by his employer's workmen's compensation insurer, and that there thus had been no "expense actually incurred" by plaintiff within the meaning of the policy. The medical expenses had been charged to the plaintiff's account by the doctor and the hospital, and we concluded that although those expenses were paid on his behalf by another party, the expenses were "incurred" by the plaintiff, and that he was entitled to recover.
The policy issued by defendant contains no "prorata" clause or "other insurance" clause, and it provides that payment will be made to the insured, unless otherwise authorized by her.
Our conclusion is that the hospital expenses were "actually incurred" by Mrs. Niles, within the meaning of that term as used in the policy, and that defendant is liable to plaintiff for the insurance benefits claimed.
We are aware of the fact that our decision in this case appears to conflict with the interpretation placed on a similar policy provision by the Texas Court of Civil Appeals in Travelers Insurance Company v. Varley, 421 S.W.2d 478 (1967). In that case, the policy limited payment of medical care and treatment to "actual expense to the employee." The Texas court held the word "expense" means "money spent; disbursing of money; cost, charge, money to pay for charges" and that when qualified by the adjective "actual" and followed by the words "to the employee" it would be unreasonable to conclude that benefits paid by Medicare could be construed as "actual expense to the employee." The policy provision in that case is more restrictive than the policy provision in the instant case, and that may distinguish the two cases. If there should be a conflict, however, then we respectfully disagree with the decision rendered by the Texas court.
Defendant also contends that the trial court erred in awarding penalties and attorney's fees to plaintiff. It argues that the legal issue presented here is res nova in this state, and that defendant thus had just and reasonable grounds to refuse payment until the matter could be litigated. Penalties and attorney's fees were awarded by the trial court pursuant to R.S. 22:657, which provides for payment of such penalties and fees by an insurer who does not pay a claim within thirty days of the date it is furnished notice and proof of claim, "unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist." In essence, defendant contends that it should not be penalized for misinterpreting its policy when there were no reported cases dealing with this particular factual situation. Our jurisprudence is not in accord with defendant's position.
In Seguin v. Continental Service Life & Health Ins. Co., 230 La. 533, 89 So.2d 113, *440 55 A.L.R.2d 1014 (1956), our Supreme Court quoted with approval the following statement:
"`We admit that the matter presented is res nova but it cannot even be said that Maxey's action was not arbitrary because the question involved has never been decided by the Louisiana Courts for it is settled jurisprudence that although an insurer under a health and accident policy has a right to test its liability in the Courts and demand a judicial interpretation of the provisions of a policy a company must file such test case at its own expense and not at the expense of the policyholder. Campasi v. Mutual Benefit Health & Accident Association, 207 La. 758, 22 So.2d 55. Since defendant undertook to test its liability under the policy before paying plaintiff's claim it assumed the risk incident thereto and has incurred the penalties provided for by LSA-R.S. 22:657.'"
We find no error in that part of the trial court's judgment which awards penalties and attorney's fees.
Plaintiff has answered the appeal seeking an increase in the award of attorney's fees from $300.00 to $1,000.00. The amount of attorney's fees awarded in these cases rests largely within the discretion of the trial judge. In view of the relatively small amount at issue in this case, we find no abuse of the trial judge's discretion in this regard and no reason for increasing the attorney's fees. Thomas v. Universal Life Insurance Company, supra.
For the reasons herein set out, the judgment appealed from is affirmed. All costs of the appeal are to be paid by defendant-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.