274 So.2d 458 (1973)
Frank RUSHING, Plaintiff and Appellant,
v.
AMERICAN INCOME INSURANCE COMPANY, Defendant and Appellee.
No. 4107.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Cox & Cox by James J. Cox, Lake Charles, for plaintiff and appellant.
Hall, Raggio & Farrar by Frederick L. Cappel, Lake Charles, for defendant and appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
The sole question presented by this appeal is whether plaintiff-appellant Frank Rushing is entitled to penalties and attorney's fees under LSA-R.S. 22:657.
Plaintiff was employed as an electrical lineman. On September 1, 1971, he fell from a utility pole and received serious injuries to his back, right wrist and left knee. He was hospitalized.
At the time of the accident there was in existence a "Special Union Labor Disability *459 Policy" issued in favor of plaintiff by defendant insurance company which provided disability benefits of $400.00 per month while the insured was confined to a hospital because of sickness or accident, and $200.00 per month if the insured was totally and continuously disabled for one day or more, but not confined to a hospital. Because of the fact that plaintiff suffered from a pre-existing back injury the policy contained a supplementary exclusionary clause, also known as a "rider", which provided that no payments would be paid under the policy on account of disability or loss:
"... resulting, directly or indirectly, wholly or in part, from injury to or disease of the spine."
On September 21, 1971, Rushing sent to defendant insurer a claim form requesting payment under the policy to which was attached a physician's form duly executed by Dr. David Drez, Jr., the orthopedist who attended Rushing. The insurer received the claim on September 27, 1971. The doctor's statement showed Rushing to have suffered:
1. A compression fracture L-3, back region.
2. Comminuted fracture involving distal right radius (right wrist).
3. Contusion left kneepossible medial meniscus damage.
The statement further showed Rushing to be continuously totally disabled from September 1, 1971, to "present date".
On October 4, 1971, defendant informed plaintiff by letter that it declined payments under the provisions of the aforementioned exclusionary rider.
Suit was ultimately filed praying for disability benefits, legal penalties of double the amount due and attorney's fees. The District Court granted plaintiff's claim for disability benefits under the policy but denied his claim for penalties and attorney's fees.
The deposition of Dr. Drez was admitted into evidence. It reveals, as did his statement previously referred to, that plaintiff received injuries to the spine, knee and wrist. The doctor testified that the wrist injury and the knee injury alone would have totally disabled Rushing from performing the duties of an electrical lineman. He also testified that the back injury also disabled Rushing from performing his duties. The disabilities discussed above existed on the date of the deposition, December 2, 1971, and would exist for an indefinite time in the future. The trial judge concluded, and correctly so, that either the knee or wrist injury received by plaintiff entitled him to disability payments under the policy, regardless of the existence of the back injury. We think he erred, however, in not awarding penalties and attorney's fees.
In Fontenot v. Wabash Life Insurance Company, 243 La. 1049, 150 So.2d 10 (1963), our Supreme Court explained the reasoning and public policy embodied in the statutory penalties provided for in LSA-R.S. 22:657:
Insurance companies, and not the insured, prepare the contracts of insurance; and health and accident policies in particular should as far as possible, be free from ambiguities and uncertainties so that the insured, usually an ordinary layman, can tell whether any sum is due to him as a result of accident or sickness. If such a policy is vague and uncertain as to the extent of coverage, and if because of such uncertainty sick benefits and hospital charges are not paid and the insured must resort to the courts to ascertain the meaning of the policy, then, in effect, he is being denied the benefits of the insurance at a time when most neededthat is, at the time of accident or resultant bodily injury or sickness; at a time when such benefits are needed to provide the insured with essential medical and hospital care which possibly due to his financial condition would be denied to him without such insurance. It *460 is for these reasons that health and accident policies should be written in such clear terms that a misinterpretation of the insurance company's liability could not occur.
The appellee takes the position that its denial of payments under the policy was just and reasonable. It submits that the plaintiff's injury to the spine was a contributory cause of his disability and that it declined to pay because it was felt that plaintiff's disability resulted, wholly or in part, from the spine injury. If legal credence were given to appellee's position, extreme and inequitable results could occur.
Plaintiff's disability was not dependent upon his back injury, as the other injuries were clearly of sufficient gravity to produce disability in and of themselves, and such was known to defendant. It would appear that if the disability was not dependent upon injury to the spine, neither was the question of defendant's liability. Such an interpretation of the exclusionary clause is at least as valid as that put upon it by defendant, and it therefore follows that the clause is not free from ambiguity. Under LSA C.C. Art. 1957 and the well settled jurisprudence of this State, ambiguous clauses in policies of insurance are to be construed against the insurer, who prepared the contract, and such is particularly true of clauses that exclude coverage. Berry v. Aetna Casualty & Surety Company, La.App., 240 So.2d 243, writ refused, 256 La. 914, 240 So.2d 374, appeal dismissed, certiorari denied, 401 U.S. 1005, 91 S.Ct. 1255, 28 L.Ed.2d 541; Rankin v. New York Life Insurance Company, La. App., 240 So.2d 758, writ refused 257 La. 276, 242 So.2d 247; Simmons v. American National Insurance Company, La.App., 199 So.2d 421; Wilks v. Allstate Insurance Company et al., La.App., 195 So.2d 390.
Aside from the legal principles referred to, we opine that the conclusion thereby reached, i. e. that plaintiff's disability was covered by the policy in that the spinal injury was not a necessary factor in its existence, is the only reasonable interpretation of the exclusionary clause. To say as does defendant, that the fact that plaintiff who was disabled because of wrist and knee injuries, is precluded from recovery of benefits merely because he also happens to have suffered a disabling back injury is of necessity an erroneous interpretation of the exclusionary clause, as it leads to patently absurd results.
As we said in Albert v. Cuna Mutual Insurance Society, La.App., 255 So.2d 170:
An insurer must take the risk of misinterpreting its policy provisions. If it errs in interpreting its own insurance contract, such an error will not be considered as a reasonable ground for delaying the payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees. Niles v. American Bankers Insurance Company, 229 So.2d 435 (La.App. 3 Cir. 1970); Thomas v. Universal Life Insurance Company, 201 So.2d 529 (La.App. 3 Cir. 1967); Seguin v. Continental Service Life & Health Insurance Company, 230 La. 533, 89 So.2d 113 (1956).
In the instant suit, we think defendant was aware of all of the facts relating to plaintiff's disability, and that it simply misinterpreted the provisions of its own policy. As we have already noted, such an error does not relieve defendant of liability for penalties and attorney's fees.
Although appellee had a right to test the meaning of the terms used in its policy in the courts, it must do so at its own expense and not at the expense of the plaintiff. Since it undertook to have its liability tested without just and reasonable grounds, it assumed the risk incident thereto for assessment of penalties and attorney's fees. Seguin v. Continental Service Life & Health Insurance Company, 230 La. 533, 89 So.2d 113; West v. Lincoln Income Life Insurance Company, La.App., 239 So. 2d 379; Niles v. American Bankers Insurance Company, La.App., 229 So.2d 435.
*461 Defendant should have paid plaintiff the benefits called for upon his notice and proof of claim, and in not so doing, it must suffer the consequences. Campasi v. Mutual Benefit Health and Accident Association, 207 La. 758, 22 So.2d 55; Baker v. Louisiana Industrial Life Insurance Company, La.App., 24 So.2d 697; West v. Lincoln Income Life Insurance Company, supra.
We have estimated that the amount due plaintiff in penalties is $1,333.01. Additionally, we assess attorney's fees in the amount of $1,500.00. Fabacher v. Coastal States Life Insurance Company, La.App., 208 So.2d 734.
For the above and foregoing reasons the judgment of the trial court is amended so as to award additional judgment in favor of Frank Rushing and against American Income Life Insurance Company in the full sum of $2,833.01, together with legal interest thereon from date of judicial demand until paid. All costs are assessed to defendant-appellee.
Amended and affirmed.