531 So.2d 516 (1988)
Gertrude M. MARKS, Plaintiff-Appellant,
v.
TRINITY UNIVERSAL INSURANCE COMPANY and Hardy & Murray, Inc., Defendants-Appellees.
No. 19752-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
*517 Smitherman, Lunn, Chastain & Hill by Donald Lee Brice, Jr., Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Brian L. Coody, Shreveport, for defendant-appellee Trinity Universal Ins. Co.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Shreveport, for defendant-appellee Hardy & Murray, Inc.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
JASPER E. JONES, Judge.
This is an appeal from a judgment denying plaintiff's demand for penalties and attorney's fees under LSA-R.S. 22:658(B)(1). We reverse the judgment and award penalties and attorney's fees pursuant to the statute.

FACTS
The plaintiff, Gertrude Marks, is the insured under a homeowner's policy issued by the defendant, Trinity Universal Insurance Company. The plaintiff submitted a claim to recover under the homeowner's policy the costs of repair she incurred after a raccoon damaged the plaintiff's home in Shreveport. Plaintiff's costs of repair for the damage was $623.76.
The defendant refused to pay plaintiff's claim. The plaintiff filed suit demanding the costs of repair totaling $623.76, penalties and attorney's fees under LSA-R.S. 22:658 for defendant's failure to pay the claim within sixty days of demand.
The defendant filed a motion for summary judgment based upon a policy provision which excludes coverage for damage caused by "birds, vermin, rodents, insects, or domestic animals." The defendant argued that a raccoon is a "vermin" under the exclusion.
The trial court denied the defendant's motion for summary judgment. The trial court concluded the term "vermin" is ambiguous.[1] The trial court made this determination based upon a factually similar Texas case wherein the damage was caused by a squirrel.[2] The Texas court concluded the term vermin is susceptible of more than one interpretation and is therefore ambiguous. Having made this determination the Texas court then construed the exclusion in favor of the insured and held "vermin" does not include a squirrel as an exclusion under the terms of the policy. The trial court in the instant case expressly adopted the rationale of the Texas court and concluded a raccoon is not a vermin under the policy exclusion.
Thereafter the parties reached an agreement wherein the defendant conceded liability and paid to the plaintiff the amount of damages incurred minus the deductible. The only dispute then remaining between the parties concerned the issue of penalties and attorney's fees under LSA-R.S. 22:658 for defendant's failure to pay within sixty days of plaintiff's demand. The parties submitted stipulations in lieu of trial and requested the trial court to rule based upon the stipulations.
The trial court ruled in favor of the defendant dismissing with prejudice plaintiff's claim for penalties and attorney's fees. The plaintiff now appeals from that judgment. The only issue for our review is *518 whether the trial court erred in making this determination.

Penalties and Attorney's Fees Under LSA-R.S. 22:658(B)(1)
The insurer is liable for penalties and attorney's fees under LSA-R.S. 22:658(B)(1) where the insurer's failure to pay the claim within sixty days of demand is found to be "arbitrary, capricious, or without probable cause."[3] An insurer must take the risk of misinterpreting its own policy provisions. An insurer's misinterpretation of its policy is not a reasonable ground for delay in payment and will not relieve the insurer of liability for penalties and attorney's fees under LSA-R.S. 22:658. Carney v. American Fire & Indemnity Company, 371 So.2d 815 (La.1979); Gulf-Wandes Corp. v. Vinson Guard Service, 459 So.2d 14 (La.App. 1st Cir.1984), writ den., 464 So.2d 312 (La.1985).
We note there is no factual dispute as to the existence of coverage in this case. The defendant conceded the existence of coverage and paid the plaintiff the amount of the claim. The dispute on appeal arises from a misinterpretation of the policy by Trinity Universal Insurance. We find the general rule set forth in Carney, supra, to be applicable. See also Trico Services Corp. v. Houston General Ins., 414 So.2d 1313 (La.App. 2d Cir.1982). In denying the defendant's motion for summary judgment, the trial court concluded the defendant denied coverage based upon an erroneous interpretation of its own policy provisions. The trial court found the defendant's action in refusing to pay the claim was not arbitrary or capricious and refused to impose statutory penalties.
We find error in the trial court's failure to award penalties and attorney's fees in the instant case. The supreme court in Carney found the exclusion therein ambiguous and imposed liability for coverage upon the insurer but declined to impose penalties and attorney's fees because the defendant reasonably relied upon jurisprudence of four other states interpreting identical policy language as unambiguous. We find no circumstances present from the record which would characterize the defendant's failure to pay timely as reasonable. Defendant in the instant case cites no authority of this state or any other jurisdiction interpreting an identical provision as unambiguous. We further find nothing in the controlling decision of Carney approving a "good-faith interpretation" exception exempting the insurer from liability for penalties and attorney's fees under LSA-R.S. 22:658 and for this reason we decline to follow the rationale adopted by the Third Circuit in Stewart v. Louisiana Farm Bureau Mut. Ins., 420 So.2d 1217 (La.App. 3d Cir.1982) as urged by the defendant in brief.
We find unpersuasive defendant's argument that liability should not be imposed because the issue is res nova. Even if the policy provision has never been litigated before, the risk of erroneous interpretation is that of the insurer, not the insured. Gulf Oil Corp. v. Mobile Drilling Barge or Vessel, 441 F.Supp. 1 (1975); Seguin v. Continental Service Life & Health Insurance Company, 230 La. 533, 89 So.2d 113 (La.1956); Campasi v. Mutual Benefit Health & Accident Association, 207 La. 758, 22 So.2d 55 (La.1945).
We find the trial court erred in denying an award of penalties and attorney's fees under LSA-R.S. 22:658. We reverse the judgment of the trial court and render judgment in favor of Gertrude M. Marks and against Trinity Universal Insurance Company awarding penalties of 10%, which is the sum of $52.38, and reasonable attorney's *519 fees of $1,500.00. All costs are assessed against the defendant.
REVERSED and RENDERED.
NOTES
[1] To be found ambiguous, the language of the policy must be susceptible of two or more interpretations which are equally reasonable. See American Bank & Trust v. Continental Cas., 476 So.2d 453 (La.App. 2d Cir.1985).
[2] The Texas case relied upon by the trial court is Jones v. American Economy Ins. Co., 672 S.W.2d 879 (Tex.App. 5 Dist.1984) wherein the court stated:

We conclude the term [vermin] does not have a simple, plain, and generally accepted meaning and that it is susceptible of more than one reasonable interpretation; therefore, we hold that the term is ambiguous. Ramsay [v. Maryland American General Insurance Co.] 533 S.W.2d [344] at 349 [Tex.1976]. Because insurance policies are interpreted and construed liberally in favor of the insured and against the insurer, particularly when dealing with exceptions and words of limitation, we hold that the term "vermin" does not include a squirrel and, thus, that the damage done to the Joneses' home by a squirrel is not an excluded loss under the terms of the policy. Ramsay, 533 S.W.2d at 349.
[3] LSA-R.S. 22:658(B)(1) provides:

B. (1) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.