290 So.2d 730 (1974)
Philip REICHERT, Jr.
v.
CONTINENTAL INSURANCE COMPANY.
No. 9669.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
Rehearing Denied March 18, 1974.
Writ Refused May 17, 1974.
*731 David W. Robinson, Baton Rouge, for appellant.
Bert K. Robinson, Baton Rouge, for appellee.
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
This appeal by Continental Insurance Company (Insurer) presents the res nova question of whether an insurer's obligation to defend its insured under an automobile liability policy includes the duty to appeal, on behalf of the insured, a judgment against the insurer and insured in excess of policy coverage after trial on the merits. The trial court rendered judgment in favor of plaintiff, Philip Reichert, Jr. (Insured) for attorney's fees in the sum of $1,061.85, incurred by Insured in appealing the excess judgment against him upon Insurer's refusal to appeal, notwithstanding Insurer's payment of its policy limits and all costs incurred in the trial of the action. Insurer contends that its defense of the action at trial level, payment of all trial costs, payment of its policy limits and posting of an appeal bond for Insured, fully discharged Insurer's obligation to defend Insured. Insured has answered the appeal seeking reversal of judgment denying Insured recovery of penalties on the amount awarded by the trial court as attorney's fees, and also denying the Insured recovery of attorney's fees incurred in bringing this action. We affirm the judgment awarding Insured attorney's fees incurred in defense of the action, and reverse the judgment denying the Insured penalties and attorney's fees incurred in this present suit.
On July 18, 1967, Insured was operating a vehicle belonging to his father, Philip Reichert, Sr., and insured by Insurer. Under the policy, Insured was an omnibus insured. The vehicle was involved in an accident with a patrol car belonging to the City of Baton Rouge, and being operated by a city policy officer, Douglas R. Lovett, *732 Jr., during the course and within the scope of his employment by the City. Lovett sued Insurer, Insured, Insured's employer, the Louisiana Department of Welfare, and the Department's insurer, Aetna Casualty and Surety Company for damages sustained in the accident. The City sued Insured for damages to its patrol car and for medical payments and Workmen's Compensation benefits paid its employee, Lovett. These actions were consolidated for trial. The City was granted judgment against Insured and Insurer in the stipulated sum of $3,011.35. Lovett was awarded judgment against Insured, Insurer Aetna and the Department of Welfare, in solido, in the sum of $10,000.00. Insurer's coverage of the Reichert vehicle being limited to $5,000.00, Insurer's liability to Lovett was reduced to $1,988.65 by amended judgment. Insured was not covered by Aetna's policy. Aetna informed Insured that Aetna would seek indemnity from Insured for any amount Aetna might be required to pay Lovett.
Insurer engaged counsel to defend both itself and Insured in the consolidated actions. When judgment was rendered, counsel for Insurer and Insured informed Insured that the judgment rendered in favor of Lovett was grossly excessive, in counsel's opinion, and should be reduced on appeal. Counsel also advised Insured that an appeal on Insured's behalf was imperative to reduce Insured's personal liability inasmuch as recovery by Lovett exceeded Insurer's coverage and Insured was not afforded further protection under Aetna's policy. Counsel advised Insurer that an appeal was imperative on Insured's behalf, although counsel felt there was little likelihood that Lovett's judgment would be reduced below Insurer's coverage limitation, and counsel was of the opinion that liability was no longer a viable issue. In response to a request by Insurer, counsel researched the question of Insurer's obligation to furnish Insured a defense on appeal. Counsel advised Insurer that the matter was res nova in this state; that other jurisdictions appeared divided on the issue, and that the majority of jurisdictions require an insurer to defend only at trial level, not on appeal. Additionally, counsel advised Insurer that counsel, as attorney for the Insured, would be obligated to advise Insured to litigate the issue of Insurer's responsibility to provide an appeal should Insurer decline to furnish appellate representation.
Insurer satisfied the judgments against Insured to the extent of Insurer's policy limits. Insurer declined to provide Insured counsel for an appeal, but Insurer did take an appeal on Insured's behalf and provide bond therefor. With Insurer's permission, counsel represented Insured on appeal, raising the question of quantum only, which was affirmed by the Appellate Court. Insured then filed this action for attorney's fees which have been stipulated in the amount of $1,061.85.
Insurer's obligation to defend Insured is imposed by the following policy provision:
". . . the company shall defend any suit alleging such bodily injury or property damages which are payable under the terms of the policy, even if any of the allegations of the suit are groundless, false or fraudulent."
It is conceded that Insurer's obligation to defend includes the duty to defend at trial level even though Insurer may have prepaid policy limits. Insurer argues, however, that the trial court erred in holding it to the duty to defend on appeal where the sole issue is the amount of Insured's exposure above and beyond the limits of Insurer's coverage. Insurer points out that the clear majority view is to the effect that an insurer's duty to defend on appeal is not absolute, but arises only where the facts and circumstances are such that the issue or issues on appeal pertain to a risk undertaken by the insurer and against which the insured has purchased protection. Insurer suggests that no such situation exists here inasmuch as the appeal in this instance did not involve the question of liability, but *733 concerned only the issue of the Insured's exposure beyond the limits of Insurer's coverage.
As noted by Insurer, the majority of jurisdictions hold that the obligation of an insurer to defend its insured is not absolute, and does not necessarily include the duty of prosecuting an appeal on the insured's behalf even though a judgment is rendered against the insured in excess of the insurer's policy limits. The test employed by the majority is one of good faith and fair dealing on the part of the insurer judged in the light of the rights of the insured as well as those of the insurer. Lincoln Park Arms Bldg. Corp. v. United States Fidelity & Guaranty Corp., 287 Ill. App. 520, 5 N.E.2d 773; Hawkeye-Security Insurance Company v. Indemnity Insurance Company, 10 Cir., 260 F.2d 361, 69 A.L.R.2d 684.
It is suggested by Insurer that to compel appellate representation of an insured in a situation where, such as here, all issues on which the insurer has agreed to defend its insured have been adjudicated, and no further representation is required by policy terms, would compel the furnishing of legal services under circumstances amounting to the insurer's engagement in the unauthorized practice of law. We reject this contention on the ground that should a duty to represent on appeal be determined to have been legally assumed by contract, the person furnishing the defense is clearly not engaged in the unauthorized practice of law, but is merely fulfilling an obligation to provide legal services for one who has contracted therefor.
Obviously, we are here concerned with interpretation of the meaning of the phrase "the company shall defend any suit", as used in the contract. It is well settled that ambiguity of terms in a policy of insurance is interpreted against the insurer and in favor of the insured. Gray v. North American Company for Life, Acc. & Health Ins., La.App., 128 So.2d 223.
We note the obligation to defend is not qualified, limited or restricted in any manner whatsoever. It must, therefore, be interpreted in favor of the insured rather than the insurer. Such interpretation, however, may not be unreasonable or lead to patently absurd results.
Also pertinent is the well established rule that the duty of an insurer to defend its insured is broader than its liability for damage claims. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253. By the plain terms of Insurer's policy, Insurer is obligated to defend any action against its insured, even a groundless one. The question here, however, is the extent of that conceded obligation.
As regards the obligation of the insurer to defend, we cite with approval the following language in Younger v. Lumbermens Mutual Casualty Company, La.App., 174 So.2d 672:
"It is not sufficient for the insurer to consult its own self-interests. As a professional in the defense of suits, it must use a degree of skill commensurate with such professional standards. As the champion of the insured, it must consider as paramount his interest, rather than its own, and may not gamble with his funds. Its relationship is somewhat of a fiduciary one, and the liability is greater than indicated by some of the earlier holdings."
A minority of jurisdictions hold that an insurer's obligation to defend includes the duty to appeal judgment adverse to the insured where there appears reasonable grounds for taking an appeal. Travelers Indemnity Company v. East, 240 So.2d 277 (Miss); Kaste v. Hartford Accident and Indemnity Company, 5 A.D.2d 203, 1970 N.Y.S.2d 614; Arenson v. National Automobile Casualty Ins. Co., 48 Cal.2d 528, 310 P.2d 961.
We find that the minority view represents a fair, logical and practical interpretation *734 of language imposing on an insurer the unqualified duty to defend its insured. As stated in Younger, above, as the insured's defender, the insurer has contractually assumed the role of the champion of the insured's rights. The duty thus undertaken is in the nature of a fiduciary relationship in which the rights of the insured are deemed paramount. Having undertaken, for a price, to defend the insured, the insurer must provide a meaningful defense. Mere resistance of claims against the insured at trial level may not be sufficient in all instances. Where there appears reasonable grounds that a substantial interest of the insured may be served or protected by appeal, insurer owed the duty to appeal. Here the record indicated that such reasonable grounds did exist. Insurer's own counsel advised Insurer that an appeal on Insured's behalf was imperative on the question of quantum. Insurer saw fit to ignore the advice of its counsel. That the appeal taken by Insured, at his own expense, did not result in a reduction of the judgment against him, is a matter of no moment. For obvious reasons, the ultimate success or failure of an appeal may not constitute the criteria for determining whether or not reasonable grounds existed for taking an appeal. In such instances, the pivotal issue is whether reasonable grounds for taking an appeal to protect a substantial right of the Insured existed at the conclusion of trial on the merits.
Insurer refers to Hawkeye-Security Insurance Company v. Indemnity Insurance Company (U.S.Ct.App. 10 Cir. 1958) 260 F.2d 361, and other authorities, as supporting the proposition that mere advice of counsel standing alone, even counsel's suggestion that an appeal be taken, does not constitute basis for holding that reasonable ground for appeal existed as to require an insurer to furnish appellate defense. To the extent the cited authorities so hold, we disagree with their conclusion. We are of the view that where, after trial on the merits, reputable counsel gives cogent reasons for an appeal on behalf of the insured, and urgently recommends that, in his professional opinion, an appeal is in order, an insurer must appeal on behalf of its insured. Certainly, the decision cannot be left up to the usually unknowledgeable insured. The insured has paid for the protection of a defense, and is entitled to rely upon the recommendation of counsel that reasonable ground for appeal exists.
As Insurer suggests, counsel did not specifically recommend that Insurer appeal on Insured's behalf. Counsel did, however, make it crystal clear that, in his considered judgment, an appeal was in order. Counsel also correctly informed Insurer of the division of authority with regard to the matter and correctly noted that in this state the question was open. Without question, Insurer knew its counsel was of the opinion that reasonable ground existed for an appeal to protect substantial rights of the insured. The problem which faced Insurer was a decision as to whether Insurer was obligated to take the appeal under the terms of its policy. In effect, Insurer took a calculated risk in concluding that it did not owe the duty to appeal.
Insured's claim for attorney's fees expended in taking the appeal, 12% penalties thereon, and attorney's fees for prosecuting this present action, is based on LSA-R.S. 22:658. The statute applies to all forms of insurance contracts save those covered by LSA-R.S. 22:656, which applies to life insurance, and R.S. 22:657, which pertains to health and accident policies. Section 658 imposes on an insurer the duty to pay a claim within 60 days and subjects the insurer to penalties where the insurer's failure to comply is found to be arbitrary, capricious or without probable cause. The penalties provided for are set at 12% of the amount of the claim together with attorney's fees incurred in collection thereof.
Our review of Sections 656, 657 and 658 readily disclose the basic intent and purpose of each to be the same, namely, the imposition of penalties upon an insurer for failing to timely pay certain types of claims.
*735 Although the statutes vary in terms regarding the nature of penalties and time in which payment is required, it is manifest that all three have the common purpose of imposing some sort of penalty upon an insurer who arbitrarily and capriciously fails to pay a claim within the delay specified in each instance. For this reason, we conclude that jurisprudence interpreting either Section 656 or 657 is pertinent to a case coming within the purview of Section 658.
Our jurisprudence has established the rule that an insurer's failure to properly interpret its own policy provisions does not constitute reasonable ground for refusal to pay a claim thereunder. Even though the issue raised is res nova under our jurisprudence, the risk of erroneous interpretation is deemed made at insurer's risk, not the insured's. Campasi v. Mutual Benefit Health & Accident Association, 207 La. 758, 22 So.2d 55; Seguin v. Continental Service Life & Health Insurance Company, 230 La. 533, 89 So.2d 113, both of which authorities deal with an action pursuant to Section 657. In substance, these authorities hold that where the issue is one of interpretation alone, the insurer's failure to pay, based solely on its own interpretation, is arbitrary and capricious. It seems obvious here that Insurer declined to pay solely for the purpose of creating a test case. In so doing, it gambled upon the outcome of litigation which it was reasonably sure would ensue. We deem such action arbitrary.
In this connection, we note Albert v. Cuna Mutual Insurance Society, La.App., 255 So.2d 170, in which the insured sought penalties under Section 657. The court found, however, that the matter came within the purview of Section 658 because the policy was payable in a lump sum. On this basis, the court awarded the penalties provided by Section 658. We concur in Albert, above, in that it applied to Section 658 jurisprudence interpretative of Section 657.
In addition to the amount of $1,061.85 allowed Insured by the trial court, Insured is entitled to 12% penalty thereon pursuant to LSA-R.S. 22:658.
Insured is also entitled to attorney's fees for the prosecution of this action to recover the amount Insurer refused to pay, which element of damages was rejected by the trial court. Under the circumstances, this court may assess the amount of such fees. Stroud v. Tremont Lumber Company, La.App., 193 So.2d 86; Tillman v. Royal Castle System, Inc., La. App., 203 So.2d 817. Our consideration of the record of this case on trial and appeal, including the nature of the issue involved and the amount of time and work consumed by counsel for Insured, leads to the conclusion that a fee of $750.00 will afford counsel adequate compensation.
It is ordered, adjudged and decreed that the judgment of the trial court awarding Insured $1,061.85, as attorney fees incurred in the appeal of the actions against Insured, is affirmed.
It is further ordered, adjudged and decreed that the judgment of the trial court rejecting Insured's claim for penalties and attorney's fees for the prosecution of this present demand be and the same is hereby annulled, reversed and set aside, and judgment rendered herein in favor of plaintiff, Philip Reichert, Jr., and against defendant, Continental Insurance Company, awarding plaintiff 12% penalties on the sum of $1,061.85, together with additional attorney's fees in the sum of $750.00, with legal interest at the rate of 7% on both said attorney's fees and penalties, from date of judicial demand, until paid; all costs of these proceedings to be paid by Appellant, Continental Insurance Company.
Affirmed in part, reversed in part, and rendered.