COVINGTON, Judge.
This appeal was taken by the plaintiff, Lou Anna Bouffanie, from a judgment in favor of the defendants, Jacqueline G. Cheramie, Daniel T. Cheramie, Aetna Life and Casualty Company and the State of Louisiana, Department of Transportation and Development, granting the defendants’ motion for summary judgment and dismissing the plaintiff’s claim.[1] We affirm.
The petition alleged that Mr. Bouffanie was killed in an accident on June 23, 1979, at about 10:30 p. m., caused by the joint negligence of Jacqueline G. Cheramie and the State of Louisiana. By supplemental petition, George E. Fitch was added as a defendant.[2]
In response, the defendants, Mr. and Mrs. Daniel Cheramie, Aetna Life and Casualty Company and the State, filed the present motion for summary judgment on the basis that the pleadings, the depositions of Jacqueline Cheramie and George Stolpa,[3] and the affidavits on file establish that the accident was caused solely by negligence on the part of Mr. Bouffanie in carelessly crossing over into the lane of traffic in which Mrs. Cheramie was driving, and in losing control of his vehicle, and was not caused by any negligence on the part of the defendants who have moved for a summary judgment. The plaintiff failed to file any counter-affidavits, depositions, or other evidence in opposition to the motion for summary judgment.
In granting the motion for summary judgment, the trial judge made the following findings:
“The testimony of the defendants’ witnesses establishes the following: that it was the motorcycle operated by the plaintiffs’ decedent that crossed left of the center line of the highway into the opposing lane of traffic which was already occupied by the oncoming Cheramie vehicle; that this occurred as a result of the plaintiffs’ decedent losing control of his motorcycle after his motorcycle rear-ended the preceding Fitch motorcycle; that at this time it was too late for the Chera-mie vehicle to take evasive action to avoid the accident; that the accident occurred in the proper lane of traffic for the Cheramie vehicle; that at no time either before or after the accident did the Cheramie vehicle cross left of the center line of the highway into the proper lane of traffic for the motorcycle operated by the plaintiffs’ decedent, and; that there were no defects in the highway which could have caused the plaintiffs’ decedent to lose control of his motorcycle.
“Thus the Court finds that the depositions filed into the record by the defendants leave no genuine issues of material fact as to the cause of the accident or as to the liability of the defendant-movers. The Court further finds that on the basis *34 of the pleadings and depositions on file the facts fail to support liability on the part of any of these defendants and therefore that they are entitled to judgment in their favor as a matter of law.”
We find that the supporting documents presented by the movers in the instant case are sufficient to resolve all genuine issues of material fact. Hence, the burden shifted to the opponent to present evidence showing that material facts are still at issue; the plaintiff may no longer rest on the pleadings filed. See LSA-C.C.P. art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
The law is established that when the evidence submitted on the motion for summary judgment leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted. LSA-C.C.P. art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
Accordingly, we find there is no genuine issue as to material fact, and the plaintiff is barred from recovery as a matter of law. The judgment of the district court is affirmed at plaintiff’s costs.
AFFIRMED.

.Suit was filed by Lou Anna Bouffanie, individually and on behalf of her minor child, Shan-tell Bouffanie, for damages for the wrongful death of Russell S. Bouffanie, the husband and father, respectively.

. Defendant Fitch has not filed a motion for summary judgment and the record does not reflect that issue has been joined as to him.

. George Stolpa was a passenger on the motorcycle driven by George E. Fitch.