LANIER, Judge.
This is a suit to recover accidental death benefits from a policy of insurance. The trial court granted a summary judgment in favor of the insurer, and the beneficiary of the benefits took this devolutive appeal.
On July 4, 1979, Alex J. McKenzie was employed by Port Allen Industries, Inc. (Port Allen). Effective January 15, 1980, McKenzie secured life and accidental death insurance coverages in the amount of $10,-000.00 each with Standard Life Insurance Company (Standard) through Port Allen. McKenzie designated his mother, Albertha McKenzie, as beneficiary of each of these coverages. On January 30, 1980, McKenzie’s employment with Port Allen was terminated. On February 12, 1980, McKenzie was killed by a gunshot wound to the head. On February 14, 1980, Port Allen, through its president, R.G. Moore, submitted to Standard a proof of death certificate on behalf of the beneficiary, Albertha McKenzie. On March 18,1980, Standard paid Alb-ertha McKenzie $10,000.00 under the life insurance coverage of the policy, but refused to pay the $10,000.00 in accidental death benefits.
The rules applicable to determining the merits of a motion for summary judgment are set forth in Morgan v. Matlack, Inc., 342 So.2d 167, 169 (La.1977), as follows:
“The law is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Stallings v. W.H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
See also Bouffanie v. Cheramie, 417 So.2d 32 (La.App. 1st Cir.1982).
Standard contends that under the terms of its policy that coverage for accidental death benefits lapsed on January 30, 1980, when Alex McKenzie was permanently terminated from his employment with Port Allen. Albertha McKenzie contends that *1389 Alex McKenzie was only temporarily “laid off” and that under the terms of the policy, there was still accidental death coverage. However, Standard’s policy has not been filed in the record of these proceedings. The only document filed evidencing the coverage is Certificate No. 20 issued to Alex J. McKenzie indicating coverage under Group Policy No. 0000632377. Since the actual policy was not made a part of this record, we cannot determine if the accidental death coverage is incidental to a life insurance policy[1] or is governed by the rules applicable to health and accident insurance policies [2] as defined in La.R.S. 22:6(2).[3]
Additionally, the evidence of record is conflicting on the issue of the nature of Alex McKenzie’s termination. The deposition of R.G. Moore indicates that Alex McKenzie was permanently terminated on January 30, 1980. However, the deposition of Albertha McKenzie contains the following testimony:
“Q. What had happened to his job?
“A. He had got laid off.
“Q. Who told you he had gotten laid off?
“A. He said so.
“Q. Did he tell you how long he had gotten laid off for; permanently or just a little while?
“A. Just for a little while.”
This testimony was not objected to at the time that it was given and the record does not reflect that there was any objection made to the introduction of Albertha McKenzie’s deposition at the hearing on the motion for summary judgment. Thus, on the face of this record, there is a dispute as to the nature of the termination.[4] This is a dispute on a material fact and precludes a summary judgment.
For the foregoing reasons, the trial court improperly granted a summary judgment.. The judgment is reversed and this ease is remanded to the trial court for further proceedings. The appellee is to pay for all costs of this appeal.
REVERSED AND REMANDED.

. See La.R.S. 22:6(1), La.R.S. 22:176 and Casey v. Prudential Insurance Company of America, 360 So.2d 1386 (La.App. 3rd Cir. 1978), writ denied 363 So.2d 536 (La. 1978).

. La.R.S. 22:211 et seq.

. See, for example, Daigle v. Travelers Insurance Company, 421 So.2d 302 (La.App. 1st Cir.1982).

. See, for example, Hebert v. Tennessee Life Insurance Company, 224 So.2d 79 (La.App. 3rd Cir.1969).