449 So.2d 85 (1984)
MERRICK CONSTRUCTION COMPANY, INC., et al.
v.
HARTFORD FIRE INSURANCE COMPANY.
No. 83 CA 0473.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Writ Denied May 25, 1984.
*86 David W. Robinson, Baton Rouge, for plaintiffs-appellees Merrick Const. Co., Inc., Max Merrick Farms Inc., Max Merrill Merrick, Inez Merrick, Dianne Merrick, Carl Joseph Merrick and Scott Steven Merrick.
Albert C. Miranda, Metairie, for defendant-appellant Hartford Fire Ins. Co.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Defendant appealed from the judgment ordering it to pay its insured, plaintiff, $148,707.85 for the defense costs of a personal injury suit.
The issues are 1) appellant's duty to defend appellee and appellee's surety, 2) the court's reliance on an indemnity agreement which was not introduced, 3) the amount of attorney's fees, and 4) the running of interest from date of judicial demand versus the date of judgment.
Appellee,[1] Merrick Construction Company (Merrick), contracted with the Department *87 of Transportation and Development (DOTD) to do road construction work. As a result of a car accident on the roadway worked on, a suit was filed against a number of defendants, including plaintiff, based upon the contention that Merrick was negligent in the performance of its work. Hartford Fire Insurance Company (Hartford), under a general liability policy issued to Merrick, undertook Merrick's defense in the main demand. The DOTD, also named a defendant, filed a third party demand against Merrick. Hartford undertook the defense of this third party demand. The DOTD also filed a third party demand against St. Paul Fire & Marine Insurance Company[2] (St. Paul), which had executed a surety bond to guarantee Merrick's obligation to DOTD and to hold DOTD harmless from any loss arising from the negligence of Merrick in the performance of the road construction work. St. Paul tendered the defense to Merrick, who tendered it to Hartford, who refused to defend since St. Paul was not a named insured under Hartford's policy. After Merrick had handled St. Paul's defense until a conflict developed, St. Paul hired its own attorney, who filed a third party demand against Merrick. After Hartford refused to defend Merrick on St. Paul's third party demand, relying on the contention that the indemnity agreement between Merrick and St. Paul was not covered under the general liability or contractual liability sections of its policy, Merrick hired its own attorney to defend the third party demand.
The DOTD and Merrick were dismissed as party defendants on trial of the damage suit. However, Merrick had spent $92,394.12 in defending St. Paul on DOTD's third party demand and in defending itself on St. Paul's third party demand. St. Paul paid its own counsel $56,313.74 for defending it on DOTD's third party demand after Merrick withdrew from its defense.
Merrick then filed the present suit for the attorney's fees paid for its defense and for St. Paul's defense. Plaintiff also requested damages due to the cancellation of its bonding capacity by St. Paul, penalties and attorney's fees.
The trial judge found that Hartford's policy provided coverage for liability assumed by plaintiff under any contractually-imposed warranty of workmanlike performance. He reasoned that the sole basis of the damage claim against DOTD and the resulting third party demands was the alleged breach of Merrick's workmanlike performance of its contract with DOTD. Plaintiff was awarded $148,707.85 in attorney's fees. The alleged consequential damages were found to be too speculative. Hartford was not cast for penalties and attorney's fees since its actions were found to be reasonable although wrong.
We affirm.
Appellant first claims that the defense costs of plaintiff's surety, St. Paul, are not covered under its insurance policy because it is not a named insured, but a "total stranger";[3] that the contractual liability section of the policy does not cover St. Paul's defense costs because they originate from an indemnity agreement, and a bond, not a "road construction agreement" as covered under the policy; and that plaintiff had purchased specific contractual coverage and had failed to designate the indemnity agreement as a covered contract.
Plaintiff's responses are as follows.
The trial court did not hold that Hartford owed St. Paul a defense; instead it held that the cost of St. Paul's defense of DOTD's third party demand was a liability of Merrick which was covered under Hartford's policy. Therefore, St. Paul need not *88 be a named insured for Merrick to claim the defense costs under the policy.
St. Paul's defense costs are covered under the Hartford policy because the liability of Merrick to defend arises by operation of law out of the bond that St. Paul executed, warranting Merrick's workmanlike performance of the road construction work.
The general liability section of the Hartford policy provides:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage Abodily injury
* * * * * *
to which this insurance applies, caused by an occurrence and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if the allegations of the suit are groundless, false or fraudulent..."
This coverage is subject to the following exclusion:
"This insurance does not apply:
(a) to liability assumed by the insured under any contract or agreement except an incidental contract, but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner."
Undoubtedly, Merrick warranted its work would be done in a workmanlike manner. Whatever liability DOTD would incur under the relationship with Merrick would arise from a breach of that warranty for which Merrick and St. Paul would be responsible. The liability of Merrick to St. Paul arises not just from the guaranty but from the legal provisions governing suretyship, and the general purpose of liability insurance is to cover this type of legal liability. We find that Merrick was responsible and that the general liability provisions covered this type of risk. The fact that St. Paul is a stranger to the policy is irrelevant; it is the liability of Merrick that Hartford insured and was required to defend.
If the policy does not cover under the general liability coverage, however, it would be covered under the contractual liability section. The liability of Merrick has its origin in the road construction contract. The surety relationship between Merrick and St. Paul is incidental to and arises from the requirements of that contract. The responsibility of Merrick to St. Paul arises by operation of law in addition to the origin in the guaranty agreement. The liability was covered by the provision covering "contractual liability assumed by him under any written contract of the type designated in the schedule for this insurance." Hartford's contention that it does not cover St. Paul adopts too restricted a limitation because the liability it is insuring is that of Merrick which arises from the construction contract with DOTD. The fact that St. Paul is in the chain is immaterial.
Hartford's contention that it provided only specific contract coverage and that the contract was not covered is without merit. To say the least, the use of a blanket coverage form when only specific coverage was intended creates an ambiguity that has to be construed against Hartford. Appellant has not shown sufficient ground to reform the contract. We find no error in the court's failure to do so.
Appellant argues that the lower court erred in relying on Brummerloh v. Firemens Insurance Company of Newark, 377 So.2d 1301 (La.App. 3rd Cir.1980). Brummerloh also arose out of an allegation of a breach of a warranty of workmanlike performance, in which Hartford had refused to defend its named insured on a third party claim filed by the DOTD. The court awarded attorney's fees in favor of the insured, who was found not liable on the merits. Appellant argues that the Brummerloh holding should not be extended to cover the defense costs of St. Paul since St. *89 Paul is not an insured under the policy. For reasons stated above, St. Paul's defense costs are liabilities of plaintiff which are covered under the Hartford policy. Therefore, appellant is only being held responsible for liabilities of its insured.
The next issue raised by appellant is the trial court's reliance on an indemnity agreement which was not introduced into evidence. Appellant argues that this agreement is a critical link in the plaintiff's chain of evidence and that without it plaintiff's case should fall, because there is no duty for Merrick to indemnify St. Paul. However, as stated above, there is a legal duty for Merrick to indemnify St. Paul arising by operation of the laws of suretyship. Therefore, the fact that plaintiff failed to introduce the agreement is of no moment.
Appellant claims that the attorney's fees awarded by the trial court are excessive in that these charges were for excess and repetitive matters. However, appellant failed to support these claims at the trial level. The trial judge found the fees to be reasonable due to the nature and length of the case. Since there is nothing in the record to support appellant's argument, we cannot say that the trial court's finding is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
We find that plaintiff is entitled to interest on this claim from the date of judicial demand, because this suit is for recovery of attorney's fees and costs incurred in another proceeding and the amount due was ascertainable as of the date of judicial demand. Reichert v. Continental Insurance Co., 290 So.2d 730 (La. App. 1st Cir.1974).
For the above reasons, the decision of the trial court is affirmed at appellant's costs.
WATKINS, J., concurs in part and dissents in part.
WATKINS, Judge (concurring in part and dissenting in part).
I agree with the majority that Hartford is obligated to pay attorney's fees incurred by Merrick in defense of St. Paul's third party demand, as Hartford had a duty to defend Merrick.
I do not agree, however, that Hartford is obligated to pay attorney's fees incurred by St. Paul in defense of itself on the third party demand filed by DOTD or on the principal demand filed against it by plaintiff. The majority finds Hartford liable for St. Paul's attorney's fees under the general liability coverage of its policy, stating that:
"St. Paul's defense costs are covered under the Hartford policy because the liability of Merrick to defend arises by operation of law out of the bond that St. Paul executed, warranting Merrick's workmanlike performance of the road construction work."
* * * * * *
"The liability of Merrick to St. Paul arises not just from the guaranty but from the legal provisions governing suretyship, and the general purpose of liability insurance is to cover this type of legal liability."
I am unable to find any authority for the proposition that the principal (Merrick) is bound by operation of law to defend or reimburse the surety (St. Paul) in the factual situation herein presented in the absence of an agreement specifically providing for reimbursement of attorney's fees.
Although plaintiff in brief informs us that there was an indemnity agreement executed by the principal (Merrick) in favor of St. Paul, that agreement was not introduced into evidence and, hence, is not part of the record. In the absence of such an agreement there is no support for the finding of the majority that Merrick was legally bound to indemnify St. Paul for its attorney's fees.
NOTES
[1] Plaintiffs also include Max M. Merrick Farms, Inc. and members of the Merrick family, individually, who were officers, directors and shareholders in Merrick Construction and Merrick Farms. These parties also executed indemnity agreements in favor of St. Paul who was Merrick Construction's surety.
[2] St. Paul Fire and Marine Insurance Co. was also named as a defendant by plaintiff's petition.
[3] Richards v. Farmers Export Company, 377 So.2d 859 (La.App. 4th Cir.1979).